IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STANLEY L. CUMMINGS and AMBER R. CUMMINGS,<br><br>  Plaintiffs,<br><br>v.<br><br>DIRECT SCAFFOLD SUPPLY, LLC and LOWES HOME CENTERS, LLC,<br><br>  Defendants. | Case No. CIV-25-01460-JD |

**ORDER**

Plaintiffs Stanley L. Cummings and Amber R. Cummings, appearing through counsel, filed their Complaint [Doc. No. 1] on December 4, 2025. Upon review, the Court strikes the Complaint for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and for failure to allege complete diversity of citizenship.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally, Rule 10(b) requires Plaintiffs to state their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and provides that separate claims must be stated in separate counts. Fed. R. Civ. P. 10(b). Rules 8 and 10 work together to require Plaintiffs to present their claims "discretely and succinctly," so that (1) the opposing party may "frame a responsive pleading"; and (2) the Court "can determine which facts support which claims" and

whether Plaintiffs have "stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted").

As drafted, it is impossible to discern which specific causes of action Plaintiffs intend to assert, the elements of those claims, or which facts relate to which claim. Nor does Plaintiffs' Complaint separate distinct claims into separate counts. These omissions prevent the Court from understanding the nature of the claims and will necessarily inhibit Defendants from preparing a responsive pleading. The Tenth Circuit has repeatedly held that complaints violating these rules may be stricken or dismissed. *See Mann*, 477 F.3d at 1148 (affirming dismissal where the complaint failed to give fair notice of the claims); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (explaining a district court may dismiss a case without prejudice for failure to comply with Rule 8); *Hollaway v. Arvada Police*, No. 21-1097, 2022 WL 1679252, at *1 (10th Cir. May 26, 2022) (unpublished) (affirming the district court's dismissal of the plaintiff's second amended complaint without prejudice due to his failure to comply with the pleading standards in Rule 8).

Additionally, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and the Court's inquiry may be raised "at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332,

342 n.3 (2006) (presuming "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record," and the party asserting federal jurisdiction carries the burden of establishing the same).

      A party seeking the exercise of jurisdiction in its favor "must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Jurisdiction may not "be conferred by consent, inaction or stipulation." *Id.* (remanding for failure of plaintiff to plead citizenship of each of its partners). "In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.'" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)). The citizenship of a partnership, limited-liability company, or other unincorporated association is determined by the citizenship of each member of the entity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905–06 (10th Cir. 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

      Here, Plaintiffs' Complaint alleges the Court has subject matter jurisdiction under 28 U.S.C. § 1332, but there are insufficient factual allegations for the Court to determine complete diversity. First, the Complaint alleges Plaintiffs reside in Oklahoma, but residency does not equate to citizenship. Thus, the allegations in paragraph 1 are insufficient to show the citizenship of Plaintiffs. Second, Defendants are listed as limited

liability companies, but Plaintiffs do not identify or allege the citizenship of the members of the limited liability company to allow the Court to assess its jurisdiction.

Accordingly, the Court STRIKES Plaintiffs' Complaint [Doc. No. 1]. However, the Court will give Plaintiffs an opportunity to cure the deficiencies by filing an amended complaint by the deadline set forth in this Order.

IT IS THEREFORE ORDERED that Plaintiffs are granted leave to file an amended complaint by **December 30, 2025**, as set forth in this Order. Failure to file an amended complaint by December 30, 2025, complying with this Order and the authorities referenced herein will result in the dismissal of this action without prejudice. The Court specifically warns Plaintiffs that failure to comply with the rules of procedure and court orders will result in the dismissal of their case without prejudice. *See* Fed. R. Civ. P. 16(f); 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the "'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

IT IS SO ORDERED this 9th day of December 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE